**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Rae DeAngelis,<br><br>            Plaintiff,<br><br>v.<br><br>Anthony Bartoletti, et al.,<br><br>            Defendants. | No. CV-25-02753-PHX-DWL<br><br>**ORDER** |

On August 4, 2025, *pro se* Plaintiff filed a complaint (Doc. 1), a motion for an emergency temporary restraining order ("TRO") (Doc. 2), an application for leave to proceed *in forma pauperis* ("IFP") (Doc. 3), and a motion to allow electronic filing (Doc. 4).

The latter two requests are granted—Plaintiff has adequately established that she should be allowed to proceed IFP and that she should be allowed to engage in electronic filing. Because Plaintiff is proceeding IFP, the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served.

I.   <u>Legal Standard</u>

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all IFP proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

1  relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

II.   The Complaint

The complaint alleges as follows. In August 2021, Plaintiff bought a defective used car from Defendant Bueno Used Cars, Inc. ("Bueno"), which is owned by Defendant Anthony Bartoletti ("Bartoletti"). (Doc. 1 ¶ 17.) Bueno and Bartoletti knew the car was defective at the time of the sale—in March 2021, an auto shop identified "serious mechanical problems . . . including oil leaks, turbo problems, and radiator issues," but

1    Defendants "declined all recommended repairs"—and concealed the defects from Plaintiff.
2    (*Id.* ¶¶ 17, 19.) Plaintiff also bought an "ASC warranty" as part of the transaction. (*Id.*
3    ¶ 18.)
4          In January 2022, after Plaintiff began experiencing problems with the car, she
5    retained an attorney, Defendant Andrew Kramer ("Kramer"), to send a demand letter to
6    Bueno and Bartoletti seeking a refund and damages. (*Id.* ¶ 21.) In response, Bueno and
7    Bartoletti (via a non-party attorney) sent a letter back to Plaintiff that "contain[ed] explicit
8    photographs of Plaintiff performing sexual acts." (*Id.* ¶ 23.) The letter stated that these
9    photographs were relevant to the parties' dispute because they undermined Plaintiff's
10   credibility and/or showed that she had ulterior motives. (*Id.* ¶ 24.)
11         At some unspecified point afterward, Bueno repossessed the car. (*Id.* ¶ 28.) On
12   June 23, 2022, after the repossession, Bueno and Bartoletti submitted a claim for $8,873.69
13   worth of repairs under the ASC warranty using Plaintiff's name, although she no longer
14   possessed the vehicle and did not authorize the claim or repairs. (*Id.* ¶¶ 28, 29.) This
15   constituted an impermissible use of the ASC warranty, which "explicitly prohibited use of
16   the warranty after repossession." (*Id.* ¶ 31.) Additionally, the $8,873.69 repair was for an
17   "engine replacement," but a "professional diagnosis" on January 22, 2024 revealed that
18   "identical mechanical problems still existed in the vehicle"—the list of items "requiring
19   immediate attention" included "Engine Rebuild/Replace: Engine, Turbo, Turbo Lines,
20   Coolant, Oil, Seals, Gaskets, Fluids" and the diagnosis stated that "[w]ithout replacing or
21   rebuilding a damaged engine, the car will not be able to function and will be left useless"—
22   such that the complaint asserts that the $8,873.69 repair was part of a scheme between
23   Bueno, Bartoletti, and the repair shop, Defendant Transmission Factory, to defraud the
24   ASC warranty company using Plaintiff's name and warranty. (*Id.* ¶¶ 28-35.) The
25   complaint also asserts that this "criminal enterprise operated across multiple victims, as
26   evidenced by Plaintiff's documentation that the same vehicle was 'sold 3 times' after her
27   purchase and 'landed in Mexico.'" (*Id.* ¶ 36.)
28         In the meantime, Plaintiff, still represented by Kramer, was involved in a civil action

- 3 -

brought by Bueno in state court. (*Id.* ¶ 42.)[2] However, Defendant Judge Katherine Cooper ("Judge Cooper") made various erroneous or biased rulings including, *inter alia*, dismissal of Plaintiff's blackmail evidence. (*Id.* ¶ 39.) Additionally, Defendant Judge Scott Minder ("Judge Minder") "engaged in fraudulent judicial procedures" as part of the case. (*Id.* ¶ 40.) Finally, Kramer was "impaired by substance abuse" during the representation and "deliberately sabotaged Plaintiff's case" in various ways, including withholding evidence, missing critical deadlines, failing to respond to opposing counsel, and failing to notify Plaintiff of sanctions imposed against her. (*Id.* ¶ 42.) Plaintiff then complained to Defendant Arizona State Bar ("the Arizona Bar") about Kramer's conduct, but the Arizona Bar "systematically enabled the constitutional violations by imposing only a sixty-day suspension on Andrew Kramer." (*Id.* ¶¶ 41, 43.)[3]

Based on these factual allegations, the complaint asserts six causes of action. In Count One, Plaintiff asserts a claim for "Rico Conspiracy," in violation of 18 U.S.C. § 1962(c), against Bueno, Bartoletti, and Transmission Factory. (*Id.* ¶¶ 44-48.) In Count Two, Plaintiff asserts a claim for "Mail and Wire Fraud," in violation of 18 U.S.C. §§ 1341, 1343, against Bueno, Bartoletti, and Transmission Factory. (*Id.* ¶¶ 49-52.) In Count Three, Plaintiff asserts a claim for "Identity Theft," in violation of 18 U.S.C. § 1028A, against Bueno, Bartoletti, and Transmission Factory. (*Id.* ¶¶ 53-55.) In Count Four, Plaintiff asserts a claim for "Civil Rights Conspiracy," in violation of 42 U.S.C. § 1985, against all Defendants. (*Id.* ¶¶ 56-59.) In Count Five, Plaintiff asserts a claim for "Deprivation of Civil Rights," in violation of 42 U.S.C. § 1983, against Judge Cooper, Judge Minder, and the Arizona Bar. (*Id.* ¶¶ 60-62.) In Count Six, Plaintiff asserts a claim

---

[2] The complaint provides very few details about this litigation. The Court takes judicial notice of the docket of *Bueno Used Cars Inc. v. Deangelis*, CV2022-003430, https://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2022-003430, in which a judgment was entered against Plaintiff in favor of Bueno for $130,467.00 in principal and $508.71 in costs.

[3] The Court also takes judicial notice of the May 15, 2025 Final Judgment and Order in Kramer's disciplinary proceeding, which establishes that Kramer was suspended for 60 days, followed by two years of probation. Plaintiff's objection was considered in the proceeding. https://www.azcourts.gov/Portals/0/101/2025/KRAMER%20PDJ%202025-9033%20bar%20no%2026293.pdf?ver=86oQexQwWfw4V4NInBylcQ%3D%3D.

for "First Amendment Retaliation" against all Defendants. (*Id.* ¶¶ 63-65.) As relief, Plaintiff seeks compensatory damages "in excess of" $35 million, which should then be trebled under the RICO statute, as well as punitive damages and referrals of all Defendants for criminal prosecution. (*Id.* at 9.)

III. <u>Analysis</u>

The complaint is subject to dismissal under § 1915.

As an initial matter, federal courts "have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity." *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024). Such claims are barred by Eleventh Amendment immunity, which is "a threshold jurisdictional issue." *Id.* The "prohibition applies when the state or the arm of a state is a defendant." *Id.* at 980 (cleaned up). The claims against Judge Cooper and Judge Minder are thus barred by Eleventh Amendment immunity,[4] and because the Arizona Bar is an arm of the state, it, too, is entitled to Eleventh Amendment immunity. *Strojnik v. State Bar of Arizona*, 829 F. App'x 776, 776 (9th Cir. 2020) ("The district court properly dismissed Strojnik's claims against the State Bar of Arizona . . . because those claims are barred by the Eleventh Amendment . . . ."); *Fitzhugh v. Miller*, 2020 WL 1640495, *6 (D. Ariz. 2020) ("[T]he SBA is an arm of the state and thus immune from suit under the Eleventh Amendment.").

That leaves Counts One, Two, Three, Four, and Six (Count Five is dismissed because it is only asserted against Judge Cooper, Judge Minder, and the Arizona Bar).

Counts Two and Three are facially invalid because they assert claims under federal criminal statutes that do not create a private right of action. *Bennett v. Juarez*, 2025 WL 806382, *3 (C.D. Cal. 2025) ("Plaintiff's claims for mail fraud and wire fraud, 18 U.S.C. §§ 1341, 1343, are even less likely to succeed on the merits as Congress did not provide a private right of action for either criminal statute."); *Madsen v. Bank of America N.A.*, 2019

---

[4] Additionally, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. [Section 1983] was not intended to abolish the doctrine of judicial immunity. Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (cleaned up).

WL 1373688, *4 (D. Or. 2019) ("18 U.S.C. § 1028 is a criminal statute that does not support a private right of action."); *Chabrowski on behalf of ARTBE Enterprises, LLC v. Litwin*, 2017 WL 2841212, *2 (D. Ariz. 2017) ("Title 18 governs federal crimes and, with limited exceptions not implicated by the pleadings, does not provide a private right of action for civil litigants.").

Count Four, the claim under 42 U.S.C. § 1985, fails because the complaint does not allege facts suggesting that any person was deterred from attending court or testifying, subjected to voter suppression, or deprived of equal protection or equal privileges or immunities, *Berry v. Berry*, 2025 WL 2097875, *3-4 (D. Ariz. 2025), nor do any allegations involve the protection of federal officers. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981).

Count Six, the "First Amendment Retaliation" claim under § 1983, fails because none of the remaining Defendants (Bueno, Bartoletti, Transmission Factory, and Kramer) acted under color of state law.

All that remains is the RICO claim in Count One against Bueno, Bartoletti, and Transmission Factory. Assuming that Plaintiff intended to invoke 18 U.S.C. § 1964, the civil RICO statute, "[t]he elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *United Broth. of Carpenters and Joiners of Am. v. Building and Const. Trades Dept., AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014 (cleaned up). Here, the complaint appears to allege as many as four distinct forms of misconduct by Bueno, Bartoletti, and/or Transmission Factory: (1) Bueno and Bartoletti committed fraud during the initial transaction with Plaintiff in August 2021 by selling her a car and warranty with knowledge that the car was defective; (2) Bueno and Bartoletti, after repossessing Plaintiff's car, engaged in fraud in concert with Transmission Factory by billing the warranty company for $8,873.69 worth of repairs, even though the warranty did not cover those repairs (because it became void after repossession) and even though the repair services performed by Transmission Factory were "fraudulent" and did not fix

1   the problem; (3) Bueno, Bartoletti, and Transmission Factory engaged in identity theft in
2   the course of pursuing that warranty repair by including Plaintiff's name on the paperwork;
3   and (4) Bueno and Bartoletti engaged in "blackmail" by sending Plaintiff intimate photos
4   of herself in response to the demand letter.

5   For purposes of Plaintiff's civil RICO claim, the second category of alleged
6   misconduct is not actionable because Plaintiff was not the victim—instead, the victim was
7   the warranty company. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496-97 (1985)
8   ("[T]he [civil RICO] plaintiff only has standing if, and can only recover to the extent that,
9   he has been injured in his business or property by the conduct constituting the violation.
10  . . . [A] defendant who violates section 1962 is not liable . . . to those who have not been
11  injured.") (cleaned up).  As for the remaining allegations, even assuming (which is a
12  stretch) that they are sufficient to show that Plaintiff was the victim of fraud, identity theft,
13  and blackmail, and even further assuming that Bueno, Bartoletti, and Transmission Factory
14  could qualify as an "enterprise," Plaintiff still "fail[s] to allege a RICO claim because the
15  criminal activity complained of last[ed] only a short period of time and does not sufficiently
16  threaten future criminal conduct.  Moreover, [Plaintiff does] not allege that [Defendants]
17  have engaged in a pattern of ongoing activity involving extortion, blackmail, and mail fraud
18  with respect to other victims. . . .  A pattern of racketeering activity must be more than a
19  few acts, occurring over a short period of time on one single transaction." *Pilz v. Pere*,
20  2008 WL 11512195, *2 (E.D. Va. 2008) (cleaned up).[5]

21  These conclusions make it unnecessary to decide whether Plaintiff's claims against
22  Bueno and Bartoletti are also barred by claim preclusion or candidates for judicial
23  abstention.

24  IV.   TRO

25  In her emergency motion for a TRO, Plaintiff seeks an order that would result in,
26  among other things, "prohibiting Defendants Bartoletti and Bueno Used Cars from selling

---

[5] To the extent the complaint contains a fleeting reference to additional car sales, that reference is too undeveloped to support a civil RICO claim.

- 7 -

vehicles, processing warranty claims, or engaging in any business operations pending resolution of this case," "prohibiting all Defendants from using Plaintiff's name, personal information, warranty numbers, or any identifying information for any purpose," "prohibiting all Defendants from distributing, sharing, posting, or threatening to distribute any explicit images or intimate photographs of Plaintiff," and "prohibiting Defendant Judges Cooper and Minder from taking any legal action in any legal proceedings involving Plaintiff without recusal due to documented bias and constitutional violations." (Doc. 2 at 3-4.)

The TRO request fails because the complaint has been dismissed, and thus Plaintiff cannot establish a likelihood of success on the merits of her claims or even serious questions going to the merits of her claims. *Roe v. Critchfield*, 137 F.4th 912, 922 (9th Cir. 2025) ("Likelihood of success on the merits is the most important *Winter* factor and is a threshold inquiry.") (cleaned up); *Toepfer v. City of Vallejo*, 2024 WL 4437216, *6 (E.D. Cal. 2024) ("Plaintiffs have not demonstrated that they are likely to succeed on the merits of their claims because the Complaint fails to sufficiently plead any claims. . . . Although pro se pleadings are liberally construed, they are still required to conform to the Federal Rules of Civil Procedure.").

V.   Leave To Amend

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

It is absolutely clear that Plaintiff's claims against Judge Cooper, Judge Minder, the Arizona Bar, and Kramer complaint could not be cured by amendment. It is also absolutely clear that Plaintiff's claims against the remaining Defendants in Counts Two, Three, Four, Five, and Six could not be cured by amendment. As for Plaintiff's claim in Count One against Bueno, Bartoletti, and Transmission Factory, although the Court is skeptical that Plaintiff will be able to plead a valid civil RICO claim, it will give her one final opportunity

to do so.

The amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

If the amended complaint fails to comply with the Court's instructions as provided in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant leave to file another amended complaint if the first amended complaint is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's emergency motion for TRO (Doc. 2) is **denied**.

2. Plaintiff's IFP application (Doc. 3) is **granted**.

3. Plaintiff's motion to allow electronic filing (Doc. 4) is **granted**.

4. The complaint (Doc. 1) is **dismissed** with leave to file an amended complaint, as outlined above, by September 9, 2025.

5. If Plaintiff fails to file an amended complaint by September 9, 2025, the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 26th day of August, 2025.

_____
Dominic W. Lanza
United States District Judge